UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Brandi N. Abram f/k/a Brandi N. Abram-Wheeler,

Debtor.
_____/

Case No. 08-44490
Chapter 13
Hon. Phillip J. Shefferly

## ORDER DENYING MOTION TO RESTRICT PUBLIC ACCESS

On September 8, 2008, Wells Fargo Education Financial Services ("Wells Fargo") filed a motion (docket entry #51) to restrict public access under Fed. R. Bankr. P. 9037. The motion alleges that Wells Fargo is a creditor of the Debtor and that Wells Fargo filed proofs of claims nos. 5, 6 and 7 and that such proofs of claims include within them personal data identifiers regarding the Debtor. The motion requests that the Court order the Bankruptcy Court Clerk "to take such steps as are necessary to redact any references to the Debtor's social security number, driver's license number, date of birth, and other personal information" from the proofs of claims. The motion cites Fed. R. Bankr. P. 9037 and §§ 105 and 107 of the Bankruptcy Code as authority for the relief requested.

Fed. R. Bankr. P. 9037 provides privacy protection for filings made with the Bankruptcy Court by stating that a party may, in an electronic or paper filing made with the Court, include only certain information in such filing regarding the Debtor's personal identification. The rule permits redacted filings and further permits the Court to enter a protective order requiring redaction or limiting a non-party's remote electronic access to a document filed with the Court. Section 107 of the Bankruptcy Code also authorizes the Bankruptcy Court to protect an entity against the disclosure of various information. Section 105 of the Bankruptcy Code authorizes the Bankruptcy Court to issue orders appropriate to enforce or implement the Bankruptcy Rules and Bankruptcy Code.

The Court agrees with Wells Fargo that personal identification information of a debtor should be redacted from filings made with the Court. The difficulty with Wells Fargo's motion is that Wells Fargo has already filed the papers containing the personal identification information that should have been redacted before filing under Fed. R. Bankr. P. 9037. All three of Wells Fargo's proofs of claims were filed on March 17, 2008. Wells Fargo is now asking the Court to order the Bankruptcy Court Clerk to go back and redact information from the proofs of claims already filed by Wells Fargo. Although the Court appreciates Wells Fargo's effort to now remove this information from the Court file and restrict access to the Debtor's personal identification information, there is no means for the Bankruptcy Court Clerk to redact such information from Wells Fargo's proofs of claims without striking those proofs of claims in their entirety. Nor is there any duty under Fed. R. Bankr. P. 9037, § 105 or § 107 of the Bankruptcy Code that requires the Bankruptcy Court Clerk to develop some means of electronically redacting information that a party has inadvertently disclosed in its filings with the Bankruptcy Court. The proper remedy in these circumstances is to have the filing in question stricken. It is also worth noting that ECF Procedure 15 entitled "Privacy" directs parties to refrain from including personal data identifiers in filings made in the Court and, importantly, explains that "the responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk will not review each Paper for compliance with this rule." Accordingly,

IT IS HEREBY ORDERED that the motion to restrict public access filed by Wells Fargo (docket entry #51) is denied.

IT IS FURTHER ORDERED that the denial of this motion is without prejudice to Wells Fargo's right to request the Bankruptcy Court Clerk to strike the proofs of claims filed by Wells

Fargo that inadvertently contained the Debtor's personal data identifiers. Wells Fargo may request the Court on an ex parte basis to strike the subject proofs of claims and restrict them in their entirety from public view without prejudice to its rights to file amended proofs of claims that comply with Fed. R. Bankr. P. 9037 and ECF Procedure 15.

Dated: January 14, 2009         /s/ Phillip J. Shefferly

U.S. Bankruptcy Judge